UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter Of the Arbitration Between:<br><br>AMERICAN ZURICH INSURANCE COMPANY,<br><br>    Petitioner,<br><br> and<br><br>CATON PARK NURSING HOME DBA MICHAEL MELNICKE; REGENCY EXTENDED MANAGEMENT LLC; HENDON GARDENS LLC DBA BEACH GARDENS REHAB AND NURSING CENTER; PARK NURSING HOME DBA PARK HOUSE CARE LLC; HEMPSTEAD PARK NURSING HOME DBA SUNSHINE CARE CORP; ROCKAWAY CARE CENTER LLC DBA ROCKAWAY CARE CENTER; PROVIDENCE CARE INC DBA BROOKLYN GARDENS NURSING AND REHABILITATION CENTER; YONKERS GARDENS LLC,<br><br>    Respondents. | Case No. 1:21-cv-04698<br><br>Honorable Mary M. Rowland |

**ZURICH'S MOTION FOR COSTS OF SERVICE AND ATTORNEYS' FEES**

Petitioner American Zurich Insurance Company ("Zurich"), by its attorneys, Locke Lord LLP, hereby moves this Court to grant an award for the costs of service of process and the associated attorneys' fees totaling $4,956.21, against Respondents Caton Park Nursing Home DBA Michael Melnicke, Regency Extended Management LLC, Hendon Gardens LLC DBA Beach Gardens Rehab and Nursing Center, Park Nursing Home DBA Park House Care LLC, Hempstead Park Nursing Home DBA Sunshine Care Corp, Rockaway Care Center LLC DBA Rockaway Care Center, Providence Care Inc DBA Brooklyn Gardens Nursing and Rehabilitation

Center, and Yonkers Gardens LLC (collectively, "Melnicke Group"). In support of its Motion, Zurich states as follows:

## INTRODUCTION

Zurich initiated this proceeding to petition the Court to enter an order and judgment confirming the arbitration award for pre-hearing security. (ECF No. 1.) Pursuant to Federal Rule of Civil Procedural 4(d)(1), Zurich provided Melnicke Group notice of the Petition and requested that they waive service of summons; Melnicke Group responded that they would "absolutely not" waive service. (Ex. A.) Zurich was therefore required to proceed with serving a formal summons on Melnicke Group, even though Melnicke Group was aware of Zurich's attempts to waive service and to avoid unnecessary expenses. As a consequence, Zurich is entitled to (1) the expenses incurred in making service, and (2) the reasonable expenses incurred in moving to collect these expenses.

## BACKGROUND FACTS

Zurich provided workers compensation insurance to Melnicke Group for a single policy year spanning from October 1, 2018 to October 1, 2019. Zurich and Melnicke Group entered into a written agreement in connection with the insurance policy (the "Program Agreement"). (Petition ¶ 13, ECF No. 1; Petition Ex. 1, ECF No. 1-1.) Among other terms, the Program Agreement contains an arbitration provision.

In February 2021, pursuant to the arbitration provision, Zurich demanded arbitration of a dispute that arose between the parties. (Petition ¶ 15, ECF No. 1.) Through the arbitration, in June 2021, Zurich requested that the arbitrators order Melnicke Group to post pre-hearing security for amounts that Zurich seeks to collect. (*Id*. at ¶ 17.) On August 24, 2021, the arbitrators, having

conferred on the arguments and evidence presented, awarded Zurich pre-hearing security in the total amount of $287,672 (the "Award"). (Petition ¶ 18, ECF No. 1; Petition Ex. 2, ECF No. 1-2.)

Zurich then on September 2, 2021, filed the Petition requesting that this Court enter an order confirming the Award entered in Zurich's favor, and granting judgment to Zurich in accordance with the terms of the Award. (Petition ¶ 21, ECF No. 1.) That same day, Zurich's counsel sent correspondence to counsel for Melnicke Group providing a copy of the Petition and requesting a waiver of the service of summons. (Ex. B.)

The Waiver Request (1) was in writing and addressed to Melnicke Group's counsel; (2) identified this Court where the Petition was filed; (3) was accompanied by a copy of the Petition, two copies of the waiver form, and a prepaid means for returning the waiver form; (4) informed Melnicke Group of the consequences of waiving and not waiving service; (5) stated the date when the request was sent; (6) gave Melnicke Group at least 30 days to return the waiver; and (7) was sent by Federal Express Next Day service and by email. (*Id.*)

Melnicke Group's counsel responded to the waiver request by acknowledging the Petition and stating that Melnicke Group would "absolutely not" waive service. (Ex. A.) Zurich then again reminded Melnicke Group of its duty to avoid unnecessary expenses and advised that it would proceed with formal service. (*Id.*) Melnicke Group did not call off formal service until over 40 days later when the marshal had already begun effectuating service. (Ex. C.) As a result of Melnicke Group's initial refusal to waive service, Zurich incurred $708.61 in making service and incurred $4,247.60 in associated attorneys' fees, for a total of $4,956.21. (Ex. D, Young Declaration.) These costs and fees are substantial given the large number of Respondents, and the need for service through the U.S. Marshal's office under the Federal Arbitration Act requiring a formal motion and presentation to this Court.

## ARGUMENT

Rule 4(d) of the Federal Rules of Civil Procedure provides that a respondent has a duty to avoid unnecessary expenses of service. If a respondent however refuses to waive service, the respondent is required to pay the expenses of service, including attorneys' fees, unless they can show good cause for the failure to waiver. Fed. R. Civ. P. 4(d); *see United States v. First Midwest Bank*, No. 94 C 7365, 1995 WL 447762, at *4 (N.D. Ill. July 21, 1995). "[S]ufficient cause should be rare." Fed. R. Civ. P. 4 (Advisory Committee's Note, 1993 Amendment). "It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction. Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request or was insufficiently literate in English to understand it." *Id.*

This Court regularly imposes costs of formal service when, after proper notification, a party refuses waiver and unnecessarily increases the costs of litigation. *See, e.g.*, *Jones v. Hoosman*, No. 05 C 2909, 2006 WL 1302524, at *4 (N.D. Ill. May 9, 2006) (ordering defendant to pay the cost of formal service, together with reasonable attorneys' fees); *Ceres Trading Grp. Inc. v. Dowdle*, No. 96 C 7236, 1997 WL 94739, at *3 (N.D. Ill. Feb. 28, 1997) (same). Indeed, in *First Midwest Bank*, this Court awarded costs for personal service and attorneys' fees after plaintiff requested a waiver, did not receive a response within the 30-day requirement, and defendant's attorney indicated that defendant was unlikely to waive service. 1995 WL 447762, at *4.

Here, Zurich complied with Rule 4's requirements for requesting waiver of service, yet Melnicke Group, without good cause, refused such waiver. Nothing warranted Melnicke Group's outright refusal to avoid the unnecessary expense of formal service. Zurich was therefore unnecessarily required to formally serve Melnicke Group, and Zurich is now entitled to a total of

$4,956.21 in reimbursement, equaling (1) the total costs of formal service and (2) the reasonable associated expenses, including attorneys' fees. (Ex. D.)

## CONCLUSION

For the foregoing reasons, Zurich respectfully requests that this Court enter an award for the costs of service of process against Melnicke Group, totaling $4,956.21 for the costs of service of process and the associated attorneys' fees.

Dated: November 23, 2021

AMERICAN ZURICH INSURANCE COMPANY

By: /s/ *Julie L. Young*
     One of Its Attorneys

Julie L. Young
Lauren N. Falk
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.443.0240 (LNF)
Fax:   312.896.6240 (LNF)
jyoung@lockelord.com
lauren.falk@lockelord.com

## CERTIFICATE OF SERVICE

      I, Julie L. Young, an attorney, hereby certify that on November 23, 2021, I electronically filed the foregoing **ZURICH'S MOTION FOR COSTS OF SERVICE AND ATTORNEYS' FEES** using the electronic case filing system which will send notification of such filing to the parties registered with the Court's CM/ECF system.

                                                                           /s/ *Julie L. Young*
                                                                            Julie L. Young

Julie L. Young
Lauren N. Falk
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: 312.443.0240 (LNF)
Fax:   312.896.6240 (LNF)
jyoung@lockelord.com
lauren.falk@lockelord.com